Military pay; disability retirement; correction of military records; arbitrary and capricious refusal to correct; what constitutes. — On June 20, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This is a veteran’s claim for disability retirement from the military going back to his release from the Army in 1963. Defendant has moved for summary judgment on the grounds that (1) plaintiffs claim is barred by laches and (2) the decision, adverse to plaintiff, by the Army Board for Correction of Military Records was supported by substantial evidence, and was not arbitrary or capricious. Plaintiff, who is represented by an attorney, has failed to respond to the defendant’s motion. Without oral argument we hold for the Government.
Plaintiff served in the Army from 1941 to 1945; reenlisting in 1947, he served until his retirement as a staff sergeant for longevity on September 30, 1963. According to plaintiff he did not ask for or have a physical evaluation board at the time of his retirement. He was, however, examined by the Veterans Administration in 1966, 1969 and 1974. In 1967 he was first treated for heart disease. In 1969 the VA ruled that he had service-connected coronary heart disease and awarded him compensation; in 1974 the VA gave him a disability rating of 60 percent based on arteriosclerotic heart disease.
In November 1974 he filed an application with the ABCMR for a record-correction showing that he had been retired for disability (due to heart disease), rather than for longevity. This application was summarily denied in Octo *707 ber 1975. A further application was denied (in July 1978) in an opinion containing a discussion of the evidence and of the issues. This suit was then brought in August 1979. Both decisions were on the paper record and without a formal hearing.
We are satisfied that, on the record before us, the ABCMR’s decisions of 1975 and 1978 cannot be upset because arbitrary, capricious, or unsupported by substantial evidence. See, e.g., Jordan v. United States, 205 Ct. Cl. 65, 72-73 (1974). There seems to be little doubt that plaintiff affirmatively suffers now, and has suffered since the late 1960’s, from disabling heart disease (involving aortic insufficiency connected with a defective aortic valve) but the issue for us is whether that disabling condition existed in September 1963 when he left active service. The regulations required that his then fitness for duty be determined "in accordance with the physical standards for retention on active duty” (Army Regulations 635-40A, par. 4), and we cannot say that the Correction Board was required to find that he was at that time unfit for retention on active duty.
There are statements by doctors who examined him later that his present heart problem went back physically to 1961, that a systolic murmur was noted at that time, and that plaintiff may have been unaware at the time of his 1963 retirement of the precise physical condition of his heart, but these subsequent statements also recognize that to the extent the disease existed physically in 1961 or 1963 it was less severe at those times. The Correction Board could and did take account, on the other hand, of evidence that plaintiffs heart valve abnormality was not discovered until 1967 (four years after his retirement); no cardiac complaints were registered or addressed from 1961 until February 1967; the single 1961 hearing of a systolic murmur and the single 1953 or 1954 indication of somewhat high pressure were not enough to warrant a determination of disabling heart disease; at the time of separation plaintiff himself said he was in excellent health and he did not complain of heart problems; his non-cardiac conditions at retirement time were not (singly or cumulative) medically unfitting for further active service; and the mere existence in the early 1960’s of the heart valve structural *708 abnormality was insufficient to justify retirement at that time by reason of physical disability. On the whole, the matter is not open and shut but we cannot find that the Correction Board acted wrongly, or outside its proper scope, in deciding that plaintiff had not shown that in 1963 he was unfit for further retention in the Army.
Because of that conclusion, we need not decide whether, in the circumstances, plaintiffs suit is barred by laches.
it is therefore concluded that defendant’s motion for summary judgment is granted and the petition is dismissed.